IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GLOBAL EVENTS MANAGEMENT GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 113-101 |
| JOSEPH MULLINS, individually and as Mullins Management, Inc., his alter ego, et al., | ) ) ) ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Before the Court is Plaintiff's motion to compel Defendants to disclose all persons from whom Defendants purchased badges to the 2013 Masters Tournament utilizing funds paid by Plaintiff to Defendants. (Doc. no. 48.) The motion to compel is timely because Plaintiff filed it within thirty days of discovery closing. See Loc. R. 7.4. The Court **GRANTS** the motion because, as explained below, the identities of persons from whom Defendants purchased badges with Plaintiff's money is clearly relevant and discoverable.

The Complaint alleges that, in 2012, Plaintiff and Defendants entered into an oral services agreement obligating Defendants to provide Plaintiff 100 four-day badges to the 2013 Masters Tournament for a fixed price of $3,000 each. (See generally doc. no. 1, Compl.) Plaintiff alleges that, despite paying $300,000 between February 8, 2013 and April 8, 2013, Defendants only provided thirty-six, four-day badges by April 10, 2013, and by the

next evening delivered an additional sixty tickets, many of which were only daily tickets and not four-day badges. (Doc. no. 48, pp. 2-3.)

Defendants contend that they never guaranteed a price of $3,000 for 100 badges, but instead informed Plaintiff that they could obtain forty badges at that price if payment was made well in advance of the Masters Tournament, and that sixty additional badges could be obtained for $3,200 each. (See generally doc. no. 18, Countercl.; doc. no. 50, p. 6.) Plaintiff did not authorize the purchase price of $3,200, nor did it subsequently authorize badge purchases at any price in excess of $3,000 despite the market price being higher. (Doc. no. 50, pp. 6-7.) For this reason, Defendants obtained only forty badges by April 10, 2014, and Defendants had to scramble to obtain more at the last minute when Plaintiff finally authorized Defendants to buy more badges, only to later state it could not cover the increase in price. (Id.; doc. no. 18.)

This discovery dispute concerns the portion of Plaintiff's Interrogatory No. 1 that seeks the identity of every person from whom Defendants obtained badges for the 2013 Masters Tournament. (Doc. no. 48, Ex. B, pp. 4-5 & Ex. C, pp. 4-5.) Plaintiff has since narrowed the request to cover only the identities of every person "from whom the Defendants purchased Badges with the Plaintiff's money," such that Defendants need not disclose from whom they purchased badges for other customers. (Doc. no. 51, p. 4.)

Plaintiff argues this information is relevant to its contention that Defendants succeeded in purchasing 100 badges for the price of $3,000 each, utilizing Plaintiff's $300,000, but sold those badges at a profit with the hope, never realized, of being able to purchase substitute badges at a lower cost to fulfill the commitment to Plaintiff. (See doc.

no. 48, Ex. G.) Defendants have refused to release the identities of the badge sellers and contend that "all [Plaintiff] needs to know is that [Defendants] had 100 or more badges at its disposal and what [Defendants] did with the badges it procured after those badges came into [Defendants'] possession." (Doc. no. 50, p. 12.)

Pursuant to Fed. R. Civ. P. 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The Federal Rules of Civil Procedure strongly favor full discovery whenever possible, Republic of Ecuador v. Hinchee, 741 F.3d 1185, 1189 (11th Cir. 2013), and "[w]here there is a doubt over relevancy, the court should still permit discovery," Coker v. Duke & Co., 177 F.R.D. 682, 685 (M.D. Ala. 1998).

At the heart of this dispute is the question of whether Plaintiff or Defendants are to blame for the delay and eventual failure of Defendants to obtain a significant portion of the 100, four-day badges for the 2013 Masters Tournament. It is important, in this context, for Plaintiff to discover what Defendants did with the substantial sums of money Plaintiff paid to Defendants prior to the Masters Tournament. It is not enough for Defendants merely to say, for example, that they had forty badges in their possession on March 1, 2013. Plaintiff obviously is entitled to verify this information by obtaining from Defendants the names of the people from whom Defendants purchased those forty badges.

Defendants are concerned that disclosing the identities of badge sellers will jeopardize their status as authorized badge holders. While this is a risk inherent in selling badges, all parties are amenable to entry of a Protective Order and shall have seven days

3

from the date of this Order to submit a proposed order.

The Court **GRANTS** the motion to compel (doc. no. 48) and **ORDERS** Defendants to serve, within twenty-one days of today's date, a supplemental response to Plaintiff's Interrogatory No. 1 that discloses the names of each person or entity from whom Defendants purchased badges with Plaintiff's money. The parties shall have fourteen days from the date of this Order to submit a proposed Protective Order. Plaintiff's counsel may submit a request for reimbursement of expenses incurred in connection with its motion to compel within twenty-one days of the date of this Order. Defense counsel shall have fourteen days to respond.

SO ORDERED this 1st day of June, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA