IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GLOBAL EVENTS MANAGEMENT GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 113-101 |
| JOSEPH MULLINS, individually and as Mullins Management, Inc., his alter ego, et al., | ) ) ) ) | |
| Defendants. | ) | |

**O R D E R**
_____

The Court **GRANTS** Plaintiff's Request for Reimbursement of Expenses (doc. no. 64) and **AWARDS** Plaintiff $7,996.00 in reasonable attorneys' fees and costs incurred to obtain (1) an Order from the undersigned (doc. no. 53) compelling Defendants to disclose all persons from whom they purchased badges to the 2013 Masters Tournament utilizing funds paid by Plaintiff; (2) affirmance of said Order on appeal to presiding United States District Judge J. Randal Hall (doc. no. 59); and (3) the present fee award.

**I.     AN AWARD OF EXPENSES IS PROPER UNDER FED. R. CIV. P. 37.**

A court granting a motion to compel "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Such an award of

expenses is mandatory unless: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Id.; Slep-Tone Entm't Corp. v. Johnson, 518 F. App'x 815, 821-22 (11th Cir. 2013). "'Even an innocent failure to answer discovery is subject to sanctions, though the reason for the failure is relevant in determining what sanction, if any, to impose.'" King v. Dillon Transp., Inc., No. 411-cv-028, 2012 WL 592191, at *1 (S.D. Ga. Feb. 22, 2012) (quoting 8B Charles A. Wright, Federal Practice and Procedure § 2281 (3d ed. 2010)).

The first exception to the Rule 37 mandate does not apply because it is undisputed that Plaintiff's counsel engaged in a good faith attempt to obtain disclosure of the badge sellers before moving to compel. Defendants argue the second exception for substantial justification applies because the disclosure compelled by the Court is narrower than Plaintiff's original interrogatory, which asked for the identities of all persons from whom Defendants purchased badges for the 2013 Masters Tournament, including those from whom Defendants purchased badges for customers other than Plaintiff. The argument incorrectly implies that narrowing of the interrogatory occurred through briefing and arguing the motion to compel. On the contrary, Plaintiff narrowed the interrogatory from the very outset of the discovery dispute.

Indeed, the good faith letter from Plaintiff's counsel, dated October 2, 2014, asks Defendants to identify "the individuals or entities from whom they purchased the Badges to

2

the 2013 Masters." (Doc. no. 48, Ex. G.) The opening paragraph of that same letter defines "Badges" narrowly as the 100, four-day tickets that Defendants agreed to provide to Plaintiff. (Id.) Likewise, the subsequent motion to compel narrowly sought "the identity of the individuals or entities from whom the Defendants purchased the 100 Badges to the 2013 Masters." (Doc. no. 48, p. 4.)

In a similar attempt to show substantial justification, Defendants argue that, because of "court intervention," Plaintiff "agreed to enter into a narrowly-tailored protective order limiting the information obtained to the attorneys and employees of Plaintiff's counsel's law firm." (Doc. no. 66, p. 4.) But nothing in the record suggests that the parties ever disagreed regarding the need for a protective order such that court intervention was necessary. On the contrary, Plaintiff readily acknowledged the sensitive nature of the information it sought, and the corresponding need for a protective order, in its reply to the motion to compel, during the telephonic hearing regarding the motion to compel, and during oral argument on appeal before Judge Hall. Not surprisingly, therefore, the parties experienced no difficulty in quickly drafting and signing an appropriate protective order once the Court made clear that disclosure would be compelled. (See doc. nos. 61, 63.)

Defendants also invoke the third exception to Rule 37, arguing redundantly that an award would be unjust because the Court denied the motion to compel in part by "limiting the number of individuals to be identified and in obtaining a protective order limiting the persons who can obtain and be privy to the identities of the [badge sellers]." (Doc. no. 66, pp. 4-5.) As explained above, however, Plaintiff's counsel narrowed the scope of the

3

interrogatory in the opening good faith letter to defense counsel, and Plaintiff's counsel was always willing to sign a protective order. The Court thus granted the motion to compel in full, not in part.

Although never mentioned by Defendants, the award sought by Plaintiff includes expenses incurred in briefing and arguing the appeal to Judge Hall. There was no substantial justification for the appeal. Nor is there any injustice in awarding Plaintiff the expenses it incurred on appeal. If anything, it would be unjust not to reimburse Plaintiff for these expenses. As a result of the foregoing, the Court finds that an award of expenses is proper under Rule 37(a), and that the three exceptions to the award mandate do not apply.

## II. AN AWARD OF $7,996.00 IS REASONABLE UNDER THE LODESTAR METHOD.

"The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008) (citation omitted). "In determining what is a reasonable hourly rate and what number of compensable hours is reasonable, the court is to consider the twelve factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974)."[1] Id. (internal quotations omitted). The product of these two figures is the lodestar. Id. After calculating the lodestar, the Court may then consider

---

[1] The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Bivins, 548 F.3d at 1350 n.2.

whether it should be adjusted upwards or downwards. Norman v. Housing Auth., 836 F.2d 1292, 1302 (11th Cir. 1988); Lambert v. Fulton Cty., 151 F. Supp.2d 1364, 1369 (N.D. Ga. 2000). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303.

### A. Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299. The "going rate" in the community is the most critical factor in setting the fee rate. Martin v. University of S. Ala., 911 F.2d 604, 610 (11th Cir. 1990). The relevant legal community is the district in which the court sits. Knight v. Alabama, 824 F. Supp. 1022, 1027 n.1 (N.D. Ala. 1993) (citing Turner v. Secretary of Air Force, 944 F.2d 804, 808 (11th Cir. 1991)). Because the Court is itself considered an expert on hourly rates in the community, it may consult its own experience in forming an independent judgment. Norman, 836 F.2d at 1303.

Plaintiff seeks an hourly rate of $285.00 for counsel John Sparks, and $125.00 for paralegal Tara Guise. (Sparks Decl., doc. no. 64, ¶¶ 9–11.) Defendants do not contest these rates. This Court has previously approved rates well within these ranges as reasonable in Augusta and comparable legal markets. See, e.g., M.I.T., Inc. v. Medcare Express, N. Charleston, LLC, No. 1:14-cv-081, 2014 WL 5149150, at *4 (S.D. Ga. Oct. 14, 2014); Ojeda–Sanchez v. Bland Farms, No. 6:08-cv-96, 2013 WL 5652032, at *2 (S.D. Ga. Oct. 16, 2013). Upon consideration of the relevant legal market, the underlying discovery dispute,

5

and counsel's experience and expertise, the Court sets the hourly billing rate at $285.00 for Mr. Sparks and $125.00 for Ms. Guise.

### B. Hours Reasonably Expended

When exercising proper "billing judgment," attorneys must exclude excessive, redundant, or otherwise unnecessary hours from fee applications. ACLU of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999). "[H]ours excluded are those that would be unreasonable to bill a client" without reference to the skill, reputation, or experience of counsel. Norman, 836 F.2d at 1301. "[A] lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis." Id.

After reviewing the detailed billing records submitted by Plaintiff, the Court finds that the requested hours are reasonable and should be compensated. Defendants do not contend otherwise. Accordingly, the Court finds the lodestar to be $7,174.00, consisting of $285.00 per hour at 23.9 hours for Mr. Sparks and $125 per hour at 2.9 hours for Ms. Guise. Taking into account the mileage of $138.00 from Atlanta to Augusta for the hearing before Judge Hall, the total award of fees and costs associated with the motion to compel is $7,312.00. See Broad. Music, Inc. v. Gata's Statesboro, LLC, No. 614-cv-121, 2015 WL 3444786, at *5-6 (S.D. Ga. May 28, 2015). It is also proper to award the reasonable fees associated with the request for reimbursement of expenses, (doc. no. 69), in the amount of $684.00 for 2.4

hours of work by Mr. Sparks.  See Norelus v. Denny's, Inc., 628 F.3d 1270, 1301 (11th Cir. 2010); Jonas v. Stack, 758 F.2d 567, 568 (11th Cir. 1985).

## III. CONCLUSION

The Court awards Plaintiff the sum of $7,996.00 in reasonable attorneys' fees and costs.  Defendants shall pay the award within thirty days of the date of this Order.

SO ORDERED this 14th day of September, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA