IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

GLOBAL EVENTS MANAGEMENT      *
GROUP, INC.,                  *
                             *
          Plaintiff,          *
                             *
     v.                       *          CV 113-101
                             *
JOSEPH MULLINS, and MULLINS   *
MANAGEMENT, INC.,             *
                             *
          Defendants.         *

# O R D E R

Currently before the Court is Plaintiff's Second Motion to Dismiss Defendants' Amended Counterclaim. (Doc. 95.) Upon consideration, the Court **DENIES** the motion. But the Court **STRIKES** Defendants' amended counterclaims (docs. 91, 92) from the record. The Court also sets this matter for trial.

## I.  Background

Plaintiff initiated this case in June 2013, and Defendants answered in August 2013. (Docs. 1, 10.) Defendants' original answer did not include counterclaims. Subsequently, the Court entered a scheduling order, which set November 26, 2013, as the deadline for filing motions to amend. (Doc. 12.) On November 26, 2013, without moving for leave to amend their answer, Defendants filed counterclaims for breach of contract and

defamation. (Doc. 18.) Plaintiff moved to dismiss the counterclaims and argued (1) that Defendants failed to timely move for leave to amend their answer to add the counterclaims, and (2) that the counterclaims failed on the merits. (Doc. 19.) On December 30, 2013, Defendants filed their response in opposition to Plaintiff's motion to dismiss and a motion to amend their answer to add their counterclaims. (Docs. 20, 21.) Defendants also attached an amended answer to their response brief.

The Court granted Defendants' motion for leave to amend and granted in part and denied in part Plaintiff's motion to dismiss. (Doc. 36.) Although Defendants' motion to amend was not timely under the scheduling order, the Court determined that leave to amend was warranted because Defendants had attempted to timely amend their answer. The Court noted, however, that it would consider only the original counterclaims, because the counterclaims attached to Defendants' response brief "differ[ed] in some material respects from the Counterclaim filed by Defendants on November 26, 2013." (Doc. 36 at 2 n.1.) Indeed, one paragraph "was amended to provide greater factual detail and a request for a specified amount of special damages was added to Defendants' prayer for relief." (Id.) Accordingly, the Court "permit[ted] Defendants leave to amend their Answer and assert

2

their counterclaims as alleged in their November 26, 2013 filing." (Doc. 36 at 5 n.5.)

As for the merits of Plaintiff's motion to dismiss, the Court found that Defendants had adequately pleaded a claim for defamation and denied Plaintiff's motion on that issue. But the Court determined that Defendants had failed to sufficiently plead special damages and granted Plaintiff's motion on that issue.

Without explanation, on July 22, 2016, Defendants filed additional documents asserting counterclaims ("amended counterclaims"). (Docs. 91, 92.) These filings assert the same claims as Defendants' original counterclaims — breach of contract and defamation. The only noticeable differences in these filings are that Defendants appear to once again attempt to correct the pleading deficiencies with respect to their request for special damages. Plaintiff moves to dismiss these counterclaims.

## II.   Discussion

### 1. Plaintiff's Motion to Dismiss

Plaintiff contends that Defendants' amended counterclaims should be dismissed as untimely and that they fail on the

merits.[1]   Specifically, Plaintiff takes the position that the Court's Order granting Defendants leave to amend did not deem Defendants' counterclaims filed.   Accordingly, under Plaintiff's theory, the Court simply granted Defendants the right to amend, which they failed to exercise.   But the Court's Order is more appropriately construed as allowing Defendants to pursue the counterclaims alleged in their November 26, 2013, filing — with the exception of the request for special damages.   (<u>See</u> Doc. 36 at 5 n.5.)   Indeed, the Court specifically precluded Defendants from substituting that filing with the document attached to their response brief.   Because Defendants were not required to refile their counterclaims, the Court **DENIES** Plaintiff's motion to dismiss.

## 2. Discovery

In its motion to dismiss, Plaintiff requests that the Court reopen discovery if it does not grant the motion.   Plaintiff essentially contends that the parties did not engage in discovery with respect to Defendants' counterclaims, even after the Court granted Defendants' motion to amend.   But, as already discussed, Defendants' counterclaims were considered filed on the day the Court granted leave to amend — which was four months before discovery was set to close. And the parties engaged in

---

[1]   Because Defendants must rely on the allegations found in the original counterclaims, the Court finds it unnecessary to address Plaintiff's arguments on the merits of Defendants' amended counterclaims.

4

discovery through the spring of 2015. Because the parties had ample time to conduct discovery on Defendants' counterclaims, Plaintiff's request to reopen discovery is **DENIED**.

### 3. Defendants' Amended Counterclaims

Although the Court finds it appropriate to deny Plaintiff's motion to dismiss, it also finds it necessary to strike Defendants' amended counterclaims. As noted above, the Court granted Plaintiff's first motion to dismiss with respect to Defendants' request for special damages. Curiously, in their new filings, Defendants allege that Plaintiff's defamatory statements caused "direct financial loss of $78,000.00" and "resulted in customers refusing to engage in future business with Defendants resulting in a loss of revenue in excess of $100,000.00." (Docs. 91, 92 ¶¶ 49-50.) That is, Defendants seek to cure the deficiencies in their original filing by specifically pleading special damages. Because the Court has already dismissed Defendants' claim for special damages, they may not seek them now. Rather, Defendants may pursue only the counterclaims alleged in their November 26, 2013, filing that survived Plaintiff's first motion to dismiss. For the sake of clarity going forward, the Court **ORDERS** the amended counterclaims (docs. 91, 92) **STRUCK** from the record.

## 4. Motions in Limine, Pretrial Conference, and Trial

In February 2016, the Court set this case for trial. (Doc. 82.) Subsequently, the parties jointly asked the Court to extend the pretrial deadlines and continue the trial while they engaged in settlement discussions. (Doc. 85.) The Court granted this request. (Doc. 86.) Following an additional extension, the parties filed their proposed pretrial order. (Doc. 95.) The Court now sets the remaining pretrial deadlines and a trial date.

All motions in limine are due **December 16, 2016**. All responses in opposition to the motions in limine are due **January 6, 2017**. The parties are not permitted to file reply briefs in support of their motions in limine without first obtaining permission from the Court.

A pretrial conference is scheduled for **January 18, 2017, at 10:00 a.m.** Jury selection and trial assignment are scheduled for **January 23, 2017, at 9:00 a.m.** At the pretrial conference, the Court will take up any pending motions and will approve, reject, or direct amendment of the proposed pretrial order. All trial exhibits (in digital format) and an exhibit list must be provided to the Court at the pretrial conference. Lead counsel for each party must attend the pretrial conference.

## III.   Conclusion

For the reasons explained above, the Court **DENIES** Plaintiff's motion to dismiss (doc. 95) and Plaintiff's request to reopen discovery.  The Court also **STRIKES** Defendants' amended counterclaims (docs. 91, 92).

**ORDER ENTERED** at Augusta, Georgia this 27th day of October, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA